IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STATE TEACHERS RETIREMENT SYSTEM OF OHIO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES RIVER LABORATORIES INTERNATIONAL, INC., JAMES C. FOSTER and DAVID R. SMITH,<br><br>Defendants. | Case No.: 1:23-cv-11132<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION TO WITHDRAW AND MOTION TO SUBSTITUTE LEAD PLAINTIFF**

**TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ................................................................................................................. ii

I.     INTRODUCTION ..................................................................................................................... 1

II.    COURTS ROUTINELY PERMIT THE WITHDRAWAL AND SUBSTITUTION OF LEAD PLAINTIFFS IN CLASS ACTIONS ................................................................ 4

        A.     STRS Ohio's Motion to Withdraw as Lead Plaintiff Should be Granted ............... 4

        B.     Oklahoma Firefighters Should Be Appointed Substitute Lead Plaintiff ................ 5

        C.     The Court Should Approve Oklahoma Firefighters' Selection of Counsel ............ 8

III.   CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Duling v. Gristede's Operating Corp.*,
    265 F.R.D. 91 (S.D.N.Y. 2010) ................................................................................................ 4

*Foman v. Davis*,
    371 U.S. 178 (1962) .................................................................................................................. 5

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 2

*In re Currency Conversion Fee Antitrust Litig.*,
    MDL No. 1409, M 21-05, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) .................................. 4

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007) ........................................................................................ 4, 5

*In re Terayon Commc'ns Sys., Inc. Sec. Litig.*,
    No. C 00-01967 MHP, 2004 WL 413277 (N.D. Cal. Feb. 23, 2004) ....................................... 4

*Leech v. Brooks Automation, Inc.*,
    No. 06-11068, 2006 WL 3690736 (D. Mass. Dec. 13, 2006) .................................................. 2

*Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*,
    52 F. Supp. 3d 337 (D. Mass. 2014) .................................................................................... 7, 8

*State Tchrs. Ret. Sys. of Ohio v. Charles River Lab'ys Int'l, Inc.*,
    No. 24-1705, 2025 WL 2374498 (1st Cir. Aug. 15, 2025) ....................................................... 3

*State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
    C.A. No. 06-10040, 2006 WL 3827441 (D. Mass. Dec. 27, 2006) ...................................... 7, 8

*Yan v. ReWalk Robotics Ltd.*,
    973 F.3d 22 (1st Cir. 2020) ............................................................................................. 5, 6, 7

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................. 1, 3, 7, 8

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................... 4, 5, 7

Fed. R. Civ. P. 21 ..................................................................................................................... 4

Fed. R. Civ. P. 23 ............................................................................................................ 1, 4, 7, 8

**Other Authorities**

7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
  *Federal Practice and Procedure* §1688.1 (3d ed. 2025) ............................................... 4

H.R. Rep. No. 104-327 ....................................................................................................... 2

*Milbeck v. TrueCar, Inc.*,
  No. 2:18-cv-02612-SVW, ECF No. 189 (C.D. Cal. May 26, 2020) ............................ 8

Under Federal Rules of Civil Procedure 15, 21 and 23, and the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(1), Lead Plaintiff State Teachers Retirement System of Ohio ("STRS Ohio" or "Lead Plaintiff") hereby seeks to withdraw as the lead plaintiff in this action, and the Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") moves to have the lead plaintiff appointment order, ECF No. 25, modified so as to substitute it as lead plaintiff.

## I.   INTRODUCTION

As explained in the parties' Joint Statement and Proposal (ECF No. 66), in light of the First Circuit's decision, STRS Ohio does not have statutory standing because it did not purchase Charles River securities during the period November 30, 2022 through March 15, 2023, and seeks to withdraw as lead plaintiff. In its place, Oklahoma Firefighters seeks to be substituted as the lead plaintiff so there can be an efficient transition and continuity in the ongoing prosecution of this action on behalf of absent class members.[1]

Oklahoma Firefighters, which purchased 8,893 Charles River shares during the period November 30, 2022 through March 15, 2023 and has a loss of approximately $301,455 under the last-in first-out method of accounting ("LIFO") and approximately $417,161 under the first-in first-out method of accounting ("FIFO"), now moves to be appointed substitute lead plaintiff. *See* Fox Decl. Ex. B (loss chart).

Oklahoma Firefighters, an institutional investor with a substantial financial interest in the action, easily meets the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil

---

[1] The Certification and Authorization of Oklahoma Firefighters is attached as Ex. A to the Declaration of Frederic S. Fox in Support of Lead Plaintiff's Motion to Withdraw and Motion to Substitute Lead Plaintiff ("Fox Decl."), dated October 16, 2025, filed concurrently herewith.

Procedure, and has selected Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Saxena White P.A. ("Saxena White") as its counsel. Oklahoma Firefighters is a sophisticated institutional investor that oversees more than $3.3 billion in assets on behalf of its beneficiaries and is precisely the type of lead plaintiff that Congress sought to summon and empower when it enacted the PSLRA.[2] Congress designed the PSLRA "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 737)); *see also Leech v. Brooks Automation, Inc.*, No. 06-11068, 2006 WL 3690736, at *3 (D. Mass. Dec. 13, 2006) ("In general, courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff."). Additionally, Oklahoma Firefighters has significant experience in prosecuting complex litigation and securities class actions, and has available to it the resources of its own staff with experience serving as fiduciaries and overseeing counsel.[3] Accordingly, Oklahoma Firefighters has the requisite experience, resources, and expertise to

---

[2] *See* Oklahoma Firefighters' Annual Comprehensive Financial Report for the Fiscal Years Ended June 30, 2024 and 2023. *See* https://ofprs.ok.gov/wp-content/uploads/2024/12/2024-Combined-ACFR-OKFF.pdf (last visited September 17, 2025).

[3] Oklahoma Firefighters has achieved outstanding results serving as lead or co-lead plaintiff in numerous securities class actions and recovered more than $600 million on behalf of classes of injured investors and shareholders, including the $285 million recovery in *Wyatt v. El Paso Corp.*, No. H-02-2717 (S.D. Tex.). *See also In re Novo Nordisk Sec. Litig.*, No. 17-cv-209 (D.N.J.) ($100 million recovery); *Minneapolis Firefighters' Relief Ass'n. v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.) ($85 million recovery); *Okla Firefighters Pension & Ret. Sys. v. Six Flags Entm't Corp.*, No. 20-cv-201 (N.D. Tex.) ($40 million recovery); *In re Conduent, Inc. Sec. Litig.*, No. 19-cv-08237 (D.N.J.) ($32 million recovery); and *In re Tower Group Int'l, Ltd. Sec. Litig.*, No. 13-cv-5852 (S.D.N.Y) ($20.5 million recovery, with Saxena White serving as co-lead counsel).

vigorously represent the Class in the action and is precisely the type of lead plaintiff that Congress sought to summon and empower when it enacted the PSLRA.

The withdrawal of STRS Ohio and substitution of Oklahoma Firefighters as lead plaintiff will serve the best interests of the proposed class by ensuring a lead plaintiff and class representative who can represent the interests of all class members who purchased Charles River securities during the period November 30, 2022 through March 15, 2023 and can prosecute the securities fraud claims under the Exchange Act sustained by the First Circuit. The First Circuit found that Defendant James Foster's November 2022 representations to investors were actionable under the Exchange Act because he:

> clearly conveyed to any reasonable investor that Charles River's supply chain was untouched by the federal investigation and indictment. Foster point-blank told investors the indictment would "ha[ve] no real short-term impact." He repeatedly assured them that the "[indicted] supplier" was "not a supplier of" Charles River's. True, Foster averred, the fact that employees of a major supplier were indicted was "going to hurt some folks." But, according to Foster, "all" the "facilit[ies]" Charles River worked with in Cambodia were "extremely high quality one[s],"[] clearly messaging that Charles River was not "some folks". . .
>
> The issue that Foster's comments addressed and that was relevant to investors was Charles River's supply chain, including both direct and indirect suppliers. And as to that obvious subject of the day, Foster's remarks read less like a truthful disclosure and much more like a way to convey a false message with partial disclosures and too-clever wordsmithing.[]

*State Tchrs. Ret. Sys. of Ohio v. Charles River Lab'ys Int'l, Inc.*, No. 24-1705, 2025 WL 2374498, at *10-12 (1st Cir. Aug. 15, 2025) (footnotes omitted).

Furthermore, no party to this action will be unduly prejudiced in any manner by the withdrawal of STRS Ohio and the substitution of Oklahoma Firefighters in its place. Under the PSLRA, all discovery and other proceedings were stayed pending Defendants' motion to dismiss and, in light of the First Circuit's decision, Defendants have indicated that they intend to renew their motion to dismiss concerning loss causation. *See* 15 U.S.C. § 78u-4(b)(3)(B). Finally, there

3

is no undue delay, bad faith, dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed, and amendment would not be futile.

## II. COURTS ROUTINELY PERMIT THE WITHDRAWAL AND SUBSTITUTION OF LEAD PLAINTIFFS IN CLASS ACTIONS

### A. STRS Ohio's Motion to Withdraw as Lead Plaintiff Should be Granted

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." In making a determination whether a party may be added, courts will apply the "'same standard of liberality'" afforded to motions to amend pleadings under Rule 15 of the Federal Rules of Civil Procedure. *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-97 (S.D.N.Y. 2010) (citation omitted). Thus, a request to add or drop a party should be granted unless it causes a substantial delay in the case or prejudices a party to the action. *See* Practice Under Rule 21 – Timing of Motion to Add or Drop a Party, 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1688.1 (3d ed. 2025); *see also In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, M 21-05, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004) ("'[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if it doesn't wish to'") (citation omitted). Furthermore, Rule 23 provides that in conducting a class action, courts may issue orders that "determine the course of proceedings" or "deal with similar procedural matters."

"Courts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing 'duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members.'" *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (quoting *In re Terayon Commc'ns Sys., Inc. Sec. Litig.*, No. C 00-01967 MHP, 2004 WL 413277, at *7 (N.D. Cal. Feb. 23, 2004). In fact, the court in *NYSE Specialists* found that "[i]t is certainly within the lead plaintiffs' discretion and, perhaps more importantly, part of a lead

4

plaintiff's responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class." *Id*. at 134. To that end, the Court may make changes to its order that appointed STRS Ohio as Lead Plaintiff.

### B. Oklahoma Firefighters Should Be Appointed Substitute Lead Plaintiff

Under First Circuit authority, this Court may substitute Oklahoma Firefighters as lead plaintiff. Under similar circumstances, the First Circuit in *Yan v. ReWalk Robotics Ltd.*, 973 F.3d 22, 36-39 (1st Cir. 2020) determined that where a plaintiff lost standing as a result of a court ruling, substitution is permissible under the Exchange Act and the Federal Rules of Civil Procedure: "nothing in rule or reason says that the district court could not welcome on board another litigant who does have standing to serve as a class representative . . .". *Id*. at 36-39 (finding district court erred in denying motion to amend to add substitute plaintiff). In *Yan,* the district court dismissed several statements during the proposed Class Period which resulted in the court-appointed lead plaintiff only having purchases outside the actionable period. *Id.*

The First Circuit extensively analyzed the propriety of substituting a lead plaintiff to correct standing issues, and found that motions to substitute in a class action should be evaluated under Rule 15 as they would be in any other type of case. *Id.* at 38. In *Yan*, the First Circuit relied on *Foman v. Davis*, 371 U.S. 178 (1962), and found that those criteria consist principally of whether there was "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Yan*, 973 F.3d at 38 (quoting *Foman*, 371 U.S. at 182). Here, given the abbreviation of the Class Period as a result of the First Circuit's decision, none of the *Foman* criteria apply to the motion to substitute the lead plaintiff.

5

Defendants' argument that *Yan* "does not rescue this action," relies on a crabbed reading of the First Circuit's decision. ECF No. 66 at 5. In *Yan*, the court below found that lead plaintiff Yan failed to allege a violation of the Securities Act of 1933 and that he lacked standing under the Securities Exchange Act of 1934 to challenge defendant ReWalk's alleged failure to make certain disclosures that were made after Yan's purchases of ReWalk securities. 973 F.3d 22 at 30. Therefore, the district court reasoned, because all of Yan's own claims failed, he lacked standing to amend to the complaint that simply added another plaintiff to pursue a claim that Yan himself had no standing to pursue, and dismissed the case. *Id*. That is the exact reasoning that Defendants' would ask the Court to adopt here—because Ohio STRS "does not have standing to pursue any claim . . . the Amended Complaint should be dismissed for lack of subject matter jurisdiction, with prejudice." ECF No. 66 at 4. However, this reasoning was expressly rejected by the First Circuit in *Yan*:

> We agree with the district court both that Yan failed to allege a violation of the Securities Act and that he lacked standing to challenge ReWalk's alleged failures to make certain disclosures after his purchases of ReWalk securities. The district court also determined that, because Yan lacked standing, it lacked jurisdiction to consider Yan's request to amend the complaint to add Joanne Geller as a named plaintiff to press the Exchange Act claims on behalf of a putative class . . . **we disagree with that reasoning**.

973 F.3d at 27 (emphasis added).

In *Yan*, there was no question that even after the court determined that Yan did not have statutory standing to pursue Exchange Act claims, the court at all times had Article III jurisdiction over the action. 973 F.2d at 38-39. Likewise, here, the Court has Article III jurisdiction as Ohio STRS asserted claims under the Exchange Act in the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended Complaint") without any concerns about the Court's subject matter jurisdiction. The dicta in footnote 6 of *Yan* – that "the standing defect

in this case may be viewed as a lack of statutory standing" – simply emphasizes the point of the *Yan* decision – that where a plaintiff loses standing to pursue its own claims, the court does not lose subject matter jurisdiction, rather the court is presented with a question of statutory standing that can be addressed through amendment under Rule 15.[4]

Oklahoma Firefighters satisfies all requirements under the PSLRA and Rule 23. Oklahoma Firefighters purchased shares of Charles River common stock during the period November 30, 2022 through March 15, 2023, and sustained losses of approximately $417,161 under FIFO and $301,455 under LIFO.  *See* Fox Decl., Exs. A, B. In addition to possessing a significant financial interest in the outcome of the litigation, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant need only make "a *prima facie* showing" that it satisfies the typicality and adequacy requirements of Rule 23. *State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, C.A. No. 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (citation omitted). Oklahoma Firefighters satisfies both of these requirements, thereby justifying its appointment as lead plaintiff.

The typicality requirement of Rule 23(a) is satisfied when the claims of the proposed lead plaintiff arise from the same course of events and involve the same legal theory as the claims of the rest of the class. *See Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014). Here, Oklahoma Firefighters, just like all other class members, purchased Charles River securities during the period November 30, 2022 through March 15, 2023 and suffered damages thereby. Thus, Oklahoma Firefighters' claims are typical because they arise from

---

[4] None of the other authorities that Defendants cite in the Joint Statement and Proposal, ECF No. 66 at 4-5, concerns a motion to withdraw and motion to substitute a lead plaintiff in a class action under the PSLRA and are therefore irrelevant.

the same factual predicate as the claims in the Amended Complaint that were upheld by the First Circuit. *See Sonus Networks*, 2006 WL 3827441, at *2 (finding lead plaintiff movant typical because there was "no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable").

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." For the class's interests to be fairly and adequately protected, the lead plaintiff must possess "'common interests and an absence of conflict with the class members'" and "'plaintiff's attorneys [must be] qualified, experienced, and vigorously able to conduct the litigation.'" *Loc. No. 8 IBEW Ret. Plan*, 52 F. Supp. 3d at 341 (citation omitted). Oklahoma Firefighters' interests are aligned with the interests of the class. Furthermore, there is no evidence of antagonism between Oklahoma Firefighters and the class and it has certified its willingness to serve as a lead plaintiff in order to seek the greatest recovery for the class consistent with the merits of the claims. Fox Decl., Ex. A. As such, Oklahoma Firefighters satisfies the typicality and adequacy requirements at this stage.

### C. The Court Should Approve Oklahoma Firefighters' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Oklahoma Firefighters has selected Kaplan Fox and Saxena White to serve as Lead Counsel. Both Kaplan Fox and Saxena White have extensive experience litigating securities class actions and, therefore, have the ability to conduct the litigation effectively. *See* Fox Decl., Exs. C-D. Kaplan Fox and Saxena White have worked together successfully, serving as class counsel and liaison counsel in a class action under the PSLRA. *See Milbeck v. TrueCar, Inc.*, No. 2:18-cv-

8

02612-SVW, ECF No. 189 (C.D. Cal. May 26, 2020) (granting final approval to $28.25 million settlement). Indeed, Kaplan Fox has already met the requirements for being appointed lead counsel for this litigation. ECF No. 25. Since its appointment, Kaplan Fox has already spent significant time pursuing this litigation against Defendants. Kaplan Fox has spent hundreds of hours investigating the actions of Defendants and developing the claims in this litigation. Specifically, Kaplan Fox has reviewed Charles River's filings with the U.S. Securities and Exchange Commission, press releases and other media materials to develop the facts and allegations included in the Amended Complaint and was successful, in part, in prosecuting STRS Ohio's appeal in the First Circuit. Appointing Kaplan Fox along with Saxena White co-lead counsel will allow for the continued efficient prosecution of this litigation. Thus, the Court may be assured that, in the event this motion is granted, the members of the class will continue to receive the highest caliber of legal representation available.

### III. CONCLUSION

For all of the foregoing reasons, Lead Plaintiff STRS Ohio respectfully requests that the Court grant its motion to withdraw as lead plaintiff and grant Oklahoma Firefighters' motion to be appointed as substitute lead plaintiff and approve its choice of counsel.

Dated: October 16, 2025

Respectfully submitted,

/s/ *Frederic S. Fox*
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (*pro hac vice* forthcoming)
Jeffrey P. Campisi (admitted *pro hac vice*)
**Kaplan Fox & Kilsheimer LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
jcampisi@kaplanfox.com

*Lead Counsel for Lead Plaintiff State Teachers Retirement System of Ohio, and Proposed Co-Lead Counsel for Oklahoma Firefighters and the Proposed Class*

Steven B. Singer (*pro hac vice* forthcoming)
**Saxena White P.A.**
10 Bank Street, Suite 882
White Plains, NY 10606
T: (914) 437-8551
F: (888) 631-3611
ssinger@saxenawhite.com

*Proposed Co-Lead Counsel for Oklahoma Firefighters and the Proposed Class*

Edward F. Haber (BBO# 215620)
Patrick J. Vallely (BBO# 663866)
**Shapiro Haber & Urmy LLP**
One Boston Place, Suite 2600
Boston, MA 02108
T: (617) 439-3939
F: (617) 439-0134
ehaber@shulaw.com
pvallely@shulaw.com

*Liaison Counsel*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2025                               /s/ *Frederic S. Fox*
                                                                     Frederic S. Fox