**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STATE TEACHERS RETIREMENT SYSTEM OF OHIO, Individually and on Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>   v. <br><br>CHARLES RIVER LABORATORIES INTERNATIONAL, INC., JAMES C. FOSTER, and DAVID R. SMITH, <br><br>            Defendants. | Honorable Denise J. Casper <br> Case No. 1:23-cv-11132-DJC |

**MEMORANDUM OF LAW IN OPPOSITION TO LEAD PLAINTIFF'S**
**MOTION TO WITHDRAW AND MOTION TO SUBSTITUTE LEAD PLAINTIFF**

Mara Theophila (BBO #704763)
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116
(617) 535-4000
mtheophila@mwe.com

Charles S. Duggan (admitted *pro hac vice*)
David B. Toscano (admitted *pro hac vice*)
Luca Marzorati (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
charles.duggan@davispolk.com
david.toscano@davispolk.com
luca.marzorati@davispolk.com

*Attorneys for Defendants Charles River Laboratories International, Inc., James C. Foster, and David R. Smith*

## **TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.   The Court Lacks Subject Matter Jurisdiction Because STRS Ohio Lacks Article III Standing ................................................................. 2

    II.  Oklahoma Firefighters Has Failed to Show It Is Entitled to Intervene ............................... 5

    III. Rule 21 Does Not Permit the Replacement of a Sole Lead Plaintiff ................................. 7

        A.  Rule 21 Does Not Permit Wholesale Substitution .......................................... 8

        B.  Oklahoma Firefighters Fails to Satisfy the Standard for Amendment .......................... 9

    IV. The PSLRA Does Not Authorize the "Substitution" of a Lead Plaintiff .......................... 10

CONCLUSION .......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

PAGE(S)

CASES

*Bain v. Cal. Teachers Ass'n*,
  891 F.3d 1206 (9th Cir. 2018) .................................................................................................. 8

*Bowers v. Baystate Techs., Inc.*,
  2004 WL 7344671 (D. Mass. June 16, 2004) ........................................................................... 9

*Candelario-Del-Moral v. UBS Fin. Servs., Inc. of P.R. (In re Efron)*,
  746 F.3d 30 (1st Cir. 2014) .................................................................................................. 5–7

*Caterino v. Barry*,
  922 F.2d 37 (1st Cir. 1990) ...................................................................................................... 5

*Cheng v. Activision Blizzard, Inc.*,
  2022 WL 304672 (C.D. Cal. Jan. 30, 2022) ............................................................................. 6

*Constr. Laborers Pension Tr. for S. Cal. v. Rocket Cos.*,
  2025 WL 1139113 (E.D. Mich. Apr. 17, 2025) ..................................................................... 11

*Culbreath v. Dukakis*,
  630 F.2d 15 (1st Cir. 1980) ...................................................................................................... 6

*In re Currency Conversion Fee Antitrust Litig.*,
  2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) ............................................................................ 8

*Duling v. Gristede's Operating Corp.*,
  265 F.R.D. 91 (S.D.N.Y. 2010) ................................................................................................ 8

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005) .................................................................................................................. 3

*FBI v. Fikre*,
  601 U.S. 234 (2024) .................................................................................................................. 3

*Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*,
  778 F.3d 228 (1st Cir. 2015) .................................................................................................. 10

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................................. 9

*Gulbankian v. MW Mfrs., Inc.*,
  2014 WL 1878441 (D. Mass. May 9, 2014) ......................................................................... 6–7

*Hochendoner v. Genzyme Corp.*,
  823 F.3d 724 (1st Cir. 2016) .................................................................................................... 4

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) .................................................................................. 11

*Katz v. Pershing, LLC*,
    672 F.3d 64 (1st Cir. 2012) ........................................................................................... 2

*LaVallee v. Town of Dedham*,
    736 F. Supp. 3d 26 (D. Mass. 2024) ............................................................................ 9

*Leonard v. Parry*,
    219 F.3d 25 (1st Cir. 2000) ......................................................................................... 10

*In re Lombardo*,
    755 F.3d 1 (1st Cir. 2014) ....................................................................................... 9–10

*Murthy v. Missouri*,
    603 U.S. 43 (2024) ........................................................................................................ 2

*Narragansett Indian Tribe v. Ribo, Inc.*,
    868 F.2d 5 (1st Cir. 1989) ............................................................................................. 6

*Nuclear Regul. Comm'n v. Texas*,
    605 U.S. 665 (2025) ...................................................................................................... 5

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007) .................................................................................. 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    191 F.R.D. 369 (S.D.N.Y. 2000) ................................................................................ 11

*Reese v. Malone*,
    2015 WL 1526567 (W.D. Wash. Apr. 3, 2015) ......................................................... 11

*Ryan v. Newark Grp., Inc.*,
    2024 WL 4815478 (D. Mass. Nov. 18, 2024) ............................................................ 10

*Schwartz v. Metro. Life Ins. Co.*,
    2 F.R.D. 167 (Dist. Ct. 1941) ....................................................................................... 8

*Shash v. Biogen Inc.*,
    2025 WL 928779 (D. Mass. Mar. 27, 2025) ................................................................ 3

*In re Sonus Networks, Inc. Sec. Litig.*,
    229 F.R.D. 339 (D. Mass. 2005) .............................................................................. 5, 7

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ............................................................................................. 2, 4–5

*State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
    2006 WL 3827441 (D. Mass. Dec. 27, 2006) ............................................................ 11

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .................................................................................................. 3

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ............................................................................................ 4, 5

*United States ex rel. Eisenstein v. City of N.Y.*,
   556 U.S. 928 (2009) .................................................................................................. 5

*United States ex rel. Hagerty v. Cyberonics, Inc.*,
   146 F. Supp. 3d 337 (D. Mass. 2015),
   *aff'd*, 844 F.3d 26, 35 (1st Cir. 2016) ......................................................... 7, 9–10

*Yan v. Rewalk Robotics Ltd.*,
   973 F.3d 22 (1st Cir. 2020) ........................................................................ 4–5, 8–9

### STATUTES & RULES

15 U.S.C. § 78u-4(a)(2)(A)(i) ...................................................................................... 10
15 U.S.C. § 78u-5(c)(1) ................................................................................................ 4
Fed. R. Civ. P. 12(b) .................................................................................................... 9
Fed. R. Civ. P. 15 ..................................................................................................... 8–9
Fed. R. Civ. P. 21 .................................................................................................. 2, 7–9
Fed. R. Civ. P. 23 ....................................................................................................... 11
Fed. R. Civ. P. 24 ...................................................................................................... 1, 5
Fed. R. Civ. P. 25 ......................................................................................................... 8

### OTHER AUTHORITIES

7 Fed. Prac. & Proc. Civ. § 1686 (3d ed.) ..................................................................... 8
7B Fed. Prac. & Proc. Civ § 1799 (3d ed.) ................................................................... 5

**PRELIMINARY STATEMENT**[1]

This Court should enter judgment against Lead Plaintiff State Teachers Retirement System of Ohio ("STRS Ohio") and dismiss this case for lack of subject matter jurisdiction. If the Court does not dismiss this case in its entirety, the Court should deny the motion by non-party Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") to be substituted as lead plaintiff. STRS Ohio has been adjudicated to lack any cognizable claims and, as shown below, lacks Article III standing. Oklahoma Firefighters cannot simply ask to be substituted in as a new lead plaintiff. The professed desire for "efficient transition and continuity" does not justify the requested substitution. ECF No. 69 at 1. The Constitution, the Private Securities Litigation Reform Act ("PSLRA") and the Federal Rules of Civil Procedure all preclude that request.

STRS Ohio lacks Article III standing because this case is now limited to certain alleged statements made during an investor conference on November 30, 2022. STRS Ohio did not purchase any Charles River securities after these alleged misstatements and therefore cannot claim to have been injured by them. This Court dismissed STRS Ohio's claims based on earlier alleged misstatements, and the First Circuit left that ruling intact. STRS Ohio accordingly lacks any injury in fact. This sounds the death knell for this action, and the only thing left for this Court to do is to dismiss it.

Nor can non-party Oklahoma Firefighters simply appear to be "substituted" as lead plaintiff. Oklahoma Firefighters' motion is procedurally improper because it seeks to join this action as a party without satisfying the requirements of Rule 24—the exclusive means by which a non-party may intervene. Nor can Oklahoma Firefighters satisfy the rule, because its motion is

---

[1] Unless otherwise indicated, emphasis has been added to quotations, and internal quotations, brackets, ellipses, citations, and footnotes have been omitted.

untimely under the governing standard. This Court dismissed STRS Ohio's claims more than a year ago, and STRS Ohio was never in a position to claim injury in fact based on the alleged November 2022 statements.

Oklahoma Firefighters anchors its request for "substitution" in Rule 21, but Rule 21 does not authorize the wholesale substitution of parties. Moreover, the request again comes too late. Nor does the PSLRA allow Oklahoma Firefighters to drop into this action as lead plaintiff without following the statute's procedural requirements for appointment. For this reason, courts have re-opened PSLRA lead-plaintiff notice and motion proceedings when a non-party seeks to be substituted as lead plaintiff.

For all these reasons, the motions should be denied, and the case should be dismissed.

## ARGUMENT

### I. The Court Lacks Subject Matter Jurisdiction Because STRS Ohio Lacks Article III Standing

Article III standing requires that (1) the plaintiff suffer an injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury will likely be redressed by a favorable judgment. *See*, *e.g.*, *Murthy v. Missouri*, 603 U.S. 43, 57 (2024). At the pleading stage, "the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Article III standing presents a question of justiciability; if it is lacking, a federal court has no subject matter jurisdiction over the claim." *Katz v. Pershing, LLC*, 672 F.3d 64, 75 (1st Cir. 2012). The standing determination is "claim-specific," meaning that an individual plaintiff "must have standing to bring each and every claim that [he or] she asserts." *Id*. at 71.

In a securities fraud claim based on the alleged purchase of shares at an inflated price, injury occupies a special position. As the Supreme Court has explained, "at the moment the transaction takes place, the plaintiff has suffered no loss; the inflated purchase payment is offset by

2

ownership of a share that at that instant possesses equivalent value." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). Thus, an injury in fact requires both inflation at the time of purchase and a subsequent price decline caused by revelation of the misrepresentation. *See id*. The Supreme Court in *Dura* reached these conclusions "as a matter of pure logic," and before construing the Exchange Act. *Id*.

Here, STRS Ohio has failed to plead facts plausibly showing inflation at the time of purchase. This Court held that STRS Ohio has failed to plead facts plausibly showing that Charles River made any false or misleading statement about "non-preferred vendors." *See* ECF No. 57 at 18–21. The First Circuit's decision to leave that holding "intact" confirmed STRS Ohio's pleading failure. ECF No. 62 at 22. It follows not only that STRS Ohio failed to plead an essential element of an Exchange Act claim, but also that STRS Ohio has failed to plead facts supporting any inference that it overpaid for Charles River securities. Therefore, "as a matter of pure logic," *Dura*, 544 U.S. at 342, STRS Ohio has failed to plead facts showing any injury in fact resulting from the claim as to which the First Circuit reversed and remanded. Although the Court's initial opinion did not expressly rule that STRS Ohio alleged "no injury in fact," the Court has a "duty to ensure itself of Article III jurisdiction," which "persists throughout the life of the proceedings." *FBI v. Fikre*, 601 U.S. 234, 244 (2024). Given that STRS Ohio cannot assert any injury in fact, this Court lacks Article III jurisdiction.

It is no response "that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Shash v. Biogen Inc.*, 2025 WL 928779, at *3 (D. Mass. Mar. 27, 2025) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). Charles River is not arguing that the Court lacks subject matter jurisdiction because the federal claim giving rise to federal question jurisdiction is frivolous (which was the argument addressed in *Steel Co.*

3

and *Shash*). Rather, STRS Ohio has not plausibly alleged any actual "invasion" of its legally protected interest in its money. *See*, *e.g.*, *Spokeo*, 578 U.S. at 339 ("To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."). Hence its motion to withdraw as lead plaintiff at this point.

This defect deprives the Court of subject matter jurisdiction regardless of whether STRS Ohio's meritless Exchange Act claim was or was not frivolous. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021) ("Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III …."); *Spokeo*, 578 U.S. at 341 ("Article III standing requires a concrete injury even in the context of a statutory violation."); *see also Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 734 (1st Cir. 2016) (explaining that standing determinations and merits determinations "remain fundamentally distinct").

The dicta in *Yan v. ReWalk Robotics Ltd.* on which Oklahoma Firefighters relies is not to the contrary.[2] In *Yan*, the First Circuit maintained that "the district court at all times actually did have Article III subject matter jurisdiction over the action, as Yan had pleaded his own nonfrivolous Securities Act claim." 973 F.3d 22, 38 (1st Cir. 2020). The district court had rejected those Securities Act claims at least in part due to "the statutory safe harbor for forward-looking statements." *Id.* at 34 (citing 15 U.S.C. § 78u-5(c)(1)). Because in *Yan* both the district court and the court of appeals were therefore construing a federal statute, and not assessing only allegations that were *independently* necessary to establish injury in fact, Yan's "nonfrivolous Securities Act claim"

---

[2] Oklahoma Firefighters acknowledges (as it must) that footnote 6 of *Yan* is "dicta." ECF 69 at 6. That is an understatement. All of *Yan*'s reasoning on which Oklahoma Firefighters relies is dicta because the First Circuit "affirm[ed] the district court's denial of the motion to add … a party and its dismissal of the amended complaint" on the dispositive ground that amendment would have been futile. 973 F.3d at 41 (emphasis in original).

4

was deemed sufficient to support Article III jurisdiction. 973 F.3d at 38. Here, in contrast, even if STRS Ohio did plead a non-frivolous Exchange Act claim, that does not alter the fact that, at this stage of the case, "as a matter of pure logic," STRS Ohio lacks any injury in fact. *See TransUnion*, 594 U.S. at 426; *Spokeo*, 578 U.S. at 341.STRS Ohio lacks Article III standing, and not merely statutory standing, to pursue the claim revived by the First Circuit. STRS Ohio concedes that it made no purchase of Charles River securities after the alleged November 30, 2022 misrepresentations. *See* ECF No. 69 at 1. For that reason, STRS Ohio does not have the injury-in-fact necessary for constitutional standing. The Court should therefore dismiss this action.

## II.     Oklahoma Firefighters Has Failed to Show It Is Entitled to Intervene

Oklahoma Firefighters is not a party to this action, and has not sought leave to intervene. "In the judicial context, 'intervention is the requisite method for a nonparty to become a party to a lawsuit.'" *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 679 (2025) (quoting *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009)). "[I]ntervention in a class action is governed by the same principles that apply in any other proceeding." *In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 344 (D. Mass. 2005) (citing 7B Fed. Prac. & Proc. Civ. § 1799 (3d ed.)). But Oklahoma Firefighters has not moved to intervene, and would not be entitled to intervene if it had.

Both Rule 24(a), which governs intervention as of right, and Rule 24(b), which governs permissive intervention, require potential intervenors to file a "timely" motion. The timeliness requirement "is of first importance," *Caterino v. Barry*, 922 F.2d 37, 40 (1st Cir. 1990), and "is the sentinel that guards the gateway to intervention," *Candelario-Del-Moral v. UBS Fin. Servs., Inc. of P.R. (In re Efron)*, 746 F.3d 30, 35 (1st Cir. 2014). The First Circuit has specified four factors to consider in evaluating the timeliness of an intervention motion: "(i) the length of time the prospective intervenors knew or reasonably should have known of their interest before they

5

petitioned to intervene; (ii) [the] prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against intervention." *Culbreath v. Dukakis*, 630 F.2d 15, 17, 20–24 (1st Cir. 1980). Under this test, any motion by Oklahoma Firefighters to intervene would be untimely.

*First*, Oklahoma Firefighters should have known over two years ago that it had an interest in this litigation. "Parties having knowledge of the pendency of litigation which may affect their interests sit idle at their peril." *Narragansett Indian Tribe v. Ribo, Inc.*, 868 F.2d 5, 7 (1st Cir. 1989). On May 19, 2023, a putative class representative alerted those who purchased Charles River securities between May 5, 2020 and February 21, 2023 of this lawsuit. ECF No. 6-1 at 2; *see Culbreath*, 630 F.2d at 20–21 (ruling that intervenors "should have learned of the suit from the newspaper stories … explaining the nature and scope of the complaint and generally describing the relief sought"); *see also Cheng v. Activision Blizzard, Inc.*, 2022 WL 304672, at *4 (C.D. Cal. Jan. 30, 2022) ("The Court concludes that putative class members … had adequate notice regarding the claims and class period asserted by Plaintiffs and had the opportunity to identify themselves and present themselves for the Court's consideration.").

Moreover, Oklahoma Firefighters should have known that, as alleged, it has an interest in this litigation that STRS Ohio lacks. On July 18, 2023, Oklahoma Firefighters' current counsel appeared on behalf of STRS Ohio. ECF No. 7; *see Gulbankian v. MW Mfrs., Inc.*, 2014 WL 1878441, at *2 (D. Mass. May 9, 2014) (finding that proposed intervenors were "well aware" of litigation "as evidenced by several communications made by their counsel to counsel in this case"). Oklahoma Firefighters' counsel knew—and Oklahoma Firefighters should have also known—that STRS Ohio had not purchased any Charles River securities after November 11, 2022. ECF No. 6-

6

2; ECF No. 6-3. Oklahoma Firefighters touts its "significant experience in prosecuting … securities class actions" and "the resources of its own staff with experience … overseeing counsel." ECF No. 69 at 2. Yet Oklahoma Firefighters sat on the sidelines for more than two years. *See Gulbankian*, 2014 WL 1878441, at *2 ("Their failure to act until now, following a delay of at least four and up to twelve months, is unreasonable and inexcusable."). This "most important factor," *In re Efron*, 746 F.3d at 35, weighs against intervention.

Further, it has been more than 1½ years since Oklahoma STRS was "put on notice of the deficiencies of the" "non-preferred vendors" claim by Charles River's motion to dismiss. *United States ex rel. Hagerty v. Cyberonics, Inc.*, 146 F. Supp. 3d 337, 344 (D. Mass. 2015). Especially against the backdrop of STRS Ohio's prior disclosure that it had made no purchases after the November 30, 2022 alleged misstatements, Oklahoma Firefighters should have come forward at that time.

*Second*, Oklahoma Firefighters will not suffer any undue prejudice if the motion to intervene is denied. As described above, Oklahoma Firefighters was on notice of its claims and yet did not intervene to seek to protect its interests in the event of the First Circuit's disposition of the appeal as reflected in its decision. *See In re Sonus Networks*, 229 F.R.D. at 346–47 (finding factor counseled against timeliness of motion where "attorneys' miscalculation … has created their present plight" and plaintiffs suffer "from a self-inflicted wound").

### III. Rule 21 Does Not Permit the Replacement of a Sole Lead Plaintiff

Rule 21 does not authorize a plaintiff's counsel to swap in one client for another as lead plaintiff. *See* ECF No. 69 at 4. Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Nothing in Rule 21 permits wholesale substitution of parties, much less belatedly.

7

### A.     Rule 21 Does Not Permit Wholesale Substitution

Rule 21 does not permit replacing the sole lead plaintiff in a class action with a substitute.

> [Rule 21] provides for dropping from or adding a party to those already named as parties to the suit.  In other words, the rule contemplates the retention of a party or parties after the other party or parties are dropped or before they are added.  It is not a rule providing for substitution as is Rule 25.

*Schwartz v. Metro. Life Ins. Co.*, 2 F.R.D. 167, 168 (D. Mass. 1941); *see* 7 Fed. Prac. & Proc. Civ. § 1686 (3d ed.) ("Rule 21 contemplates the retention of one or more parties in the action and is not a method for substituting the sole plaintiff or defendant in the case with another party"); *see also*, *e.g.*, *Bain v. California Tchrs. Ass'n*, 891 F.3d 1206, 1216 (9th Cir. 2018) ("Rule 21 is not designed to swap in new plaintiffs for the sake of securing a judicial determination on the merits where the original plaintiffs no longer have a stake in the outcome.").

Oklahoma Firefighters' motion does not even attempt to show that Rule 21 allows the gambit it is requesting.  Oklahoma Firefighters' cases all involve adding parties or dropping extraneous parties, not substituting a new lead plaintiff for a prior, sole lead plaintiff.  *See* ECF No. 69 at 4–5.[3]

Nor is this settled understanding of Rule 21 cast into doubt by anything in the First Circuit's decision in *Yan*, on which Oklahoma Firefighters relies.  To the contrary, *Yan*'s silence about Rule 21 is consistent with the rule's inapplicability.  Further, *Yan* emphasized that it was "certainly not … say[ing] that motions to amend so as to change named plaintiffs must be allowed," and instead "simply … say[ing] that such motions must be evaluated just as they would be under Rule 15

---

[3] *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010) (adding plaintiff); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004) (permitting withdrawal of seven class representatives when eleven class representatives remained); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 139 (S.D.N.Y. 2007) (analyzing motion to appoint additional lead plaintiff to join existing lead plaintiff).

8

criteria in any other case." *Yan*, 973 F.3d at 38. As explained next, Oklahoma Firefighters' motion does not satisfy Rule 15 either.

  **B.**  <u>**Oklahoma Firefighters Fails to Satisfy the Standard for Amendment**</u>

Even if Rule 21 authorized the requested substitution, "[t]he standard for adding a party under Rule 21 is the same as under Rule 15" when an amendment requires leave of the court. *Bowers v. Baystate Techs., Inc.*, 2004 WL 7344671, at *3 (D. Mass. June 16, 2004); *see also* F.R.C.P 15(a) (requiring "the court's leave" when plaintiffs seek to amend more than "21 days after service of a motion under Rule 12(b)" without the opposing party's consent). The grounds on which this Court can deny leave to amend under Rule 15 include "undue delay" or "bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

STRS Ohio previously informed the Court that Oklahoma Firefighters "intends to move to be appointed substitute lead plaintiff and to amend the complaint pursuant to Rules 15, 21 and 23." ECF 66 at 2. But Oklahoma Firefighters fails to develop an argument that its motion satisfies Rule 15, instead summarily insisting that "none of the *Foman* criteria apply" due to "the abbreviation of the Class Period as a result of the First Circuit's decision." ECF No. 69 at 5. The failure to explain or develop that argument forfeits the issue. *See*, *e.g.*, *LaVallee v. Town of Dedham*, 736 F. Supp. 3d 26, 53 (D. Mass. 2024) ("When an issue is merely mentioned in an undeveloped fashion and in a perfunctory manner, the court may deem the issue waived.").

In any event, Oklahoma Firefighters does not satisfy Rule 15 because of its undue delay. "In the First Circuit, it is well-established that 'undue delay in moving to amend, ***even standing alone***, may be … an adequate reason" to deny a motion for leave to amend. *Hagerty*, 146 F. Supp. 3d at 343 (quoting *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (Souter, J.)), *aff'd*, 844 F.3d 26, 34–35 (1st Cir. 2016). "When considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has at the very least the burden of showing some valid reason

9

for his neglect and delay." *In re Lombardo*, 755 F.3d at 3.  A court considers "[w]hat the plaintiff knew or should have known and what he did or should have done are relevant to the question of whether justice requires leave to amend under this discretionary provision." *Leonard v. Parry*, 219 F.3d 25, 30 (1st Cir. 2000).

Again, it has been clear for more than two years that STRS Ohio lacks standing as to claims based on Charles River's November 2022 statements, and Charles River's motion to dismiss placed Oklahoma Firefighters and its counsel on notice of the deficiencies in STRS Ohio's "non-preferred vendor" claim more than 1½ years ago.  *See supra* at 6–7.  But instead of stepping forward at that time, Oklahoma Firefighters waited until after this Court had dismissed all of STRS Ohio's claims, and after the First Circuit reinstated the claims for which STRS Ohio lacks standing.

"The practice of waiting to amend a complaint until after the Court has ruled on a motion to dismiss is troublesome," and courts deny such motions where plaintiff was "put on notice of the deficiencies in the complaint by the motion to dismiss." *Hagerty*, 146 F. Supp. 3d at 344; *see also Fire & Police Pension Ass'n of Colo. v. Abiomed, Inc.*, 778 F.3d 228, 247 (1st Cir. 2015) ("[P]laintiffs were put on notice of the deficiencies in the complaint by the motion to dismiss.  If they had something relevant to add, they should have moved to add it then.").  Their delay is more than enough to deny the motion.  *See Ryan v. Newark Grp., Inc.*, 2024 WL 4815478, at *11 ("The First Circuit has found undue delay for time periods of eleven months, four months, and even less than three months.").

## IV.     The PSLRA Does Not Authorize the "Substitution" of a Lead Plaintiff

In the motion, non-party Oklahoma Firefighters asks to be substituted as a plaintiff and appointed as lead plaintiff under the PSLRA.  The PSLRA imposes specific requirements on a "plaintiff seeking to serve as a representative party on behalf of a class."  15 U.S.C. § 78u-4(a)(2)(A)(i).  Allowing Oklahoma Firefighters to simply replace the Court-appointed lead

10

plaintiff would effectively end-run the lead plaintiff approval requirement of the PSLRA.

As numerous courts have observed, the PSLRA does not contain any procedure for substituting lead plaintiffs. *See In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 120; *Constr. Laborers Pension Tr. for S. California v. Rocket Cos.*, 2025 WL 1139113, at *12 (E.D. Mich. Apr. 17, 2025); *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 379 (S.D.N.Y. 2000).[4]

Absent statutory authorization for substitution, "nearly all federal courts faced with similar circumstances have reopened lead plaintiff proceedings." *Rocket Companies*, 2025 WL 1139113, at *13 (citing cases); *see also Reese v. Malone*, 2015 WL 1526567, at *3 (W.D. Wash. Apr. 3, 2015) ("[C]ourts generally require at least a modified renewed PRSLA selection process upon withdrawal of a lead plaintiff"). The cases cited by Oklahoma Firefighters do not hold otherwise. In *State Universities Ret. Sys. of Illinois v. Sonus Networks, Inc.*, the district court entertained lead plaintiff motions from at least three investors. 2006 WL 3827441, at *1 (D. Mass. Dec. 27, 2006). And *Yan* did not address the replacement of lead plaintiff under the PSLRA.[5]

## CONCLUSION

For the foregoing reasons, the Court should enter judgment against STRS Ohio, and it should dismiss this case for lack of subject matter jurisdiction. If the Court does not dismiss the case, it should deny non-party Oklahoma Firefighters' motion to substitute itself as lead plaintiff and to further amend the amended complaint.

---

[4] Oklahoma Firefighters fails to identify any procedural device that allows a non-party to request (*see* ECF No. 69 at 5) that the Court reconsider an order issued more than two years ago (*see* ECF No. 33), much less cite authority showing that it is entitled to reconsideration.

[5] Charles River takes no position on whether Oklahoma Firefighters would be an adequate lead plaintiff under the PSLRA or Rule 23, and reserves all rights. ECF No. 69 at 7. Nor does Charles River take any position on Oklahoma Firefighters' selection of counsel. *Id.* at 8–9.

Dated: October 30, 2025

By: /s/ *Mara Theophila*
Mara Theophila (BBO #704763)
MCDERMOTT WILL & SCHULTE LLP
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116
(617) 535-4000
mtheophila@mwe.com

Charles S. Duggan (admitted *pro hac vice*)
David B. Toscano (admitted *pro hac vice*)
Luca Marzorati (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
charles.duggan@davispolk.com
david.toscano@davispolk.com
luca.marzorati@davispolk.com

*Attorneys for Defendants Charles River Laboratories International, Inc., James C. Foster, and David R. Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, filed through the Court's ECF system, will be sent electronically to the registered participants in this matter on the Notice of Electronic Filing (NEF).

/s/ *Mara Theophila*
Mara Theophila (BBO #704763)